

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Buford D. Battle
State Auditor and Efficiency Expert
Austin, Texas

Dear Sir:

Opinion No. O-3536
Re: Authority of State Auditor
and Efficiency Expert to
make an audit of the Tyler
Field office of the Governing
Committee for Salt Water
Control of the East Texas
Oil Field.

      We have received your letter of recent date requesting the opinion of this department upon the above captioned question.

      The Governing Committee for Salt Water Control is composed of the State Health Officer, as Chairman, the Attorney General of Texas, the Executive Secretary of the Game, Fish and Oyster Commission, and the Chairman of the State Board of Water Engineers. The problem of the pollution of the Neches River and its tributaries with salt water from oil wells became so acute that the State of Texas, acting by and through the Attorney General, State Board of Health, the Game, Fish and Oyster Commission, and the Board of Water Engineers, filed suit in the 116th Judicial District Court of Dallas County, Texas, against a great number of defendants operating oil wells within the watershed of said river, asking that they be enjoined from further pollution of the river.

      In consideration for the postponement of the trial of the above mentioned suit, the defendants with the approval of the court entered into an agreement with the State. The agreement specifies that the trial will be postponed for as long a time as the defendants comply with the plan for the disposal of salt water, which was submitted in compliance with the agreement. The plan provides for the construction of adequate storage pits, the construction of injection wells, the establishment of the above mentioned Governing Committee, etc. An

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Buford D. Battle, Page 2

office is maintained in Tyler, Texas, to insure compliance with the plan, and release orders are given to the defendants by the Tyler office when the waters in the Neches River are sufficient to dilute the salt water to a point below that which is injurious. The agreement and plan specify that the defendants will contribute as costs a sum sufficient to pay the expenses of administering the plan, and provide that these costs will attach to each lease involved on a pro rata per producing well basis of not to exceed $1.50 per well per month for the respective months that these costs accrue. These moneys are paid into the registry of the 116th Judical District Court of Dallas County, Texas, and on order of the court are remitted to the Field Engineer of the Governing Committee in Tyler for the payment of the expenses necessarily incurred in the administration of the plan. The question, therefore, resolves itself into whether or not the State Auditor is legally authorized to make an audit of the accounts of the Tyler field office.

The office of State Auditor and Efficiency Expert was created, and the duties of such office defined, by House Bill 170 of the First Called Session of the Forty-first Legislature (Acts 1929, 41st Leg., 1st C.S., Ch. 91, H. B. 170; codified as Articles 4413a-1--4413a-7, Vernon's Annotated Civil Statutes, inclusive; and Article 422a, Vernon's Penal Code). Section 3 of House Bill 170 is quoted in full as follows:

"Duties: Said Auditor is hereby granted the authority to inspect all the books and records of all the officers, departments and institutions of the State Government and shall make a complete and thorough investigation of all custodians of public funds and disbursing officers of this State and shall have continual access to and shall examine all the books, accounts, reports, vouchers and other records of any office, department, Institution, Board or Bureau of the State and shall investigate the efficiency of the personnel and clerical forces thereof, and shall keep a proper record of his investigations. All present auditors of each and every department and institution are hereby required to furnish assistance to said Auditor and to permit

an inspection of their several reports, at all
times." (Underscoring ours)

We see that the State Auditor is authorized "to in-
spect all the books and records of all the officers, depart-
ments and institutions of the State Government." We must,
therefore, determine whether the Governing Committee with its
Tyler Field Office is a State agency within the meaning of
the above quoted provision.

We quote from Texas Jurisprudence, Volume 34, pages
440, 441 and 443, as follows:

"Public officers and governmental and admin-
istrative boards possess only such powers as are
expressly conferred upon them by law or are neces-
sarily implied from the powers so conferred. They
cannot legally perform acts not authorized by
existing law, . . . "

"Statutes which prescribe and limit the
exercise of official duty are strictly construed
in respect of the powers conferred and the manner
of their exercise, and such powers are not to be
enlarged by construction."

We also quote from the case of Sherrick v. State, 79
N. E. 193 (Supreme Court of Indiana), as follows:

" . . . The Legislature must prescribe all
the powers and duties the Auditor of the State
will be permitted to exercise. He has no duty
or authority that is not conferred by statute, and
such as he has are given publicity through public
laws. . . . "

While there have been no decisions in this State
construing the provisions of House Bill 170, supra, we believe
that the above quoted principles are applicable. Therefore,
following the line of thought expressed in the above quotation,
we are of the opinion that the "departments and institutions
of the State Government," as used in House Bill 170, are
limited to those State departments and institutions that are

Honorable Buford D. Battle, Page 4


established by the Constitution and statutes of this State. This view is further strengthened by the wording of the emergency clause of said bill, which reads in part as follows:

> "Section 9. The fact that there is no State Auditor and no official designated to audit and investigate the custodians of public funds and the various departments of the State Government create an emergency, and an imperative public necessity . . . " (Emphasis ours)

The plan for the disposal of salt water was set up by virtue of the joint agreement of the State and the defendants in the injunction suit, with the approval and consent of the district court. The monthly assessments are paid by the defendants into the registry of the Court. The money is remitted to the Tyler Field Office on order of the court for the payment of administrative expenses, and an accounting for the expenditure of these funds must be made to the court. It follows that the Governing Committee with its Tyler Field Office is not that kind of State department or institution covered by House Bill 170.

We are cognizant of the fact that this plan has been very successful in its operation and that the pollution of the Neches River has been eliminated. We also are fully aware of the fact that the plan operates to enforce the statutory duties of the state departments and their members who compose the governing committee (See Articles 4444,5351, 5366, Revised Civil Statutes, and Articles 697, 698, 698a, Vernon's Penal Code.) Nevertheless, we are constrained to hold that the Governing Committee with its Tyler Field Office is not a department or institution of the State within the contemplation and purview of House Bill 170.

In view of the foregoing, you are respectfully advised that the State Auditor and Efficiency Expert does not

Honorable Buford D. Battle, Page 5

have authority to make an audit of the Tyler Field Office of the Governing Committee for Salt Water Control.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 30, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By *James P. Hart*

James P. Hart
Assistant

By *George W. Sparks*

George W. Sparks

GWS:ej

